# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PATRICIA MONTANA**, <br><br> **VINCENT VOLLERO**, <br><br> **MICHAEL TURI**, <br><br> **CHERYL MILLER**, <br><br> **DONALD ELTING**, and <br><br> **ANNA O'CONNOR**, <br>      *Plaintiffs,* <br><br>      v. <br><br> **MIGUEL CARDONA,** in his official capacity as Secretary of Education, <br> 400 Maryland Avenue, SW <br> Washington, DC 20202, and <br><br> **U.S. DEPARTMENT OF EDUCATION** <br> 400 Maryland Avenue, SW <br> Washington, DC 20202 <br><br>      *Defendants.* | Civil Action No.: 23-775 |

## COMPLAINT

1. This is an action for a writ of mandamus and Administrative Procedure Act relief against the Secretary of Education Miguel Cardona and the U.S. Department of Education for unreasonably delaying the investigation, processing, review, and adjudication of complaints filed by parents alleging violations of the Protection of Pupil Rights Amendment ("PPRA"), 20 U.S.C. § 1232h and 34 C.F.R. Part 98, by their local school district.

2. Congress enacted the PPRA to protect parental rights. Ex. 1.

3. Accordingly, it directed the Secretary to provide an "office and review board within the Department of Education to investigate, process, review, and adjudicate" PPRA violations. 20 U.S.C. § 1232h(f).

4. The Secretary has delegated this responsibility to the Department's Student Privacy Policy Office.

5. Between June and October 2021, plaintiffs Patricia Montana, Vincent Vollero, Michael Turi, Cheryl Miller, Donald Elting, and Anna O'Connor each filed a PPRA complaint with the Student Privacy Policy Office alleging that the Cedar Grove School District violated 20 U.S.C. § 1232h(c)(2)(C)(ii) and 34 C.F.R. §§ 98.3 and 98.4 by administering a mandatory survey to children seeking PPRA-protected information such as "religious affiliation," "family demographic," "race/ethnicity," "gender identity," whether "school is a safe space for your particular race/ethnic group," whether "adults in your school are fair in dealing with people who look like you," and whether "adults in your school are fair in dealing with people who don't look like you," without prior parental notice and consent. Ex. 2.

6. Under 5 U.S.C. § 555(b), the Department must conclude each "matter presented to it" within a reasonable time. The plaintiffs' PPRA complaints are each a "matter presented" to the Department.

7. On July 6, 2021, plaintiff Patricia Montana and others filed similar claims regarding this unlawful survey with the New Jersey Department of Education, seeking relief under that state's parental rights laws. Ex. 3.

8. On November 15, 2021, the state law claims were adjudicated by an administrative law judge, who ruled that the school district violated N.J.S.A. 18A:36-34 and 18A:36-36(a). Ex. 4.

9. The school district appealed, and on December 16, 2021, the New Jersey Assistant Commissioner of Education upheld the administrative law judge's decision, concluding that the survey violated N.J.S.A. 18A:36-34 and 18A:36-36(a). Ex. 5.

10. On August 15, 2022, the plaintiffs, through their counsel America First Legal Foundation ("AFL"), demanded that the defendants respond to their PPRA complaints by August 29, 2022. Ex. 6.

11. On or around August 26, 2022, Bernie Cieplak ("Cieplak") reached out to the plaintiffs on behalf of the Department and informed them that to communicate with AFL, the Department would need a signed written consent to share information with their attorney. Cieplak followed up with an email to plaintiff Elting reiterating the need for written consent. Ex. 7.

12. On September 1, 2022, AFL sent via email to Cieplak letters signed by each plaintiff authorizing the Department to communicate with AFL on this matter. Ex. 8. Cieplak acknowledged receipt the same day. Ex. 8.

13. On September 27, 2022, plaintiffs, through their counsel, requested that the Department provide prompt notice of any denial and the grounds for the denial pursuant to 5 U.S.C. § 555(e). Ex. 9.

14. On October 20, 2022, Frank Miller ("Miller"), the Department's Deputy Director of the Student Privacy Policy Office, mailed a notice to the plaintiffs to

inform them that the Department had written to Cedar Grove School District Superintendent Anthony Grosso ("Grosso") to inform him that the Department was investigating the plaintiffs' allegations; Miller included the letter to Grosso in his mailing to the plaintiffs. Ex. 10.

15. On December 20, 2022, AFL sent an email to Cieplak asking for an update on the status of the plaintiffs' request for a Department investigation. Ex. 11.

16. On January 27, 2023, the Deputy Director of the Student Privacy Policy Office responded to AFL's December 20, 2022, request for an update and stated that the Department had notified the Cedar Grove School District of its investigation in October and was awaiting a response. Ex. 12.

17. Neither AFL nor the plaintiffs have been provided further updates on whether any actions have been taken since January 27, 2023.

18. PPRA complaints are time-sensitive and implicate fundamental statutory and constitutional rights. Yet the defendants have failed to dedicate the financial and human resources required to investigate, process, review, and adjudicate parents' PPRA complaints in a lawfully timely fashion. The Department's unreasonable delay has effectively nullified plaintiffs' rights and the rights of all other parents who have filed PPRA complaints.

**Jurisdiction and Venue**

19. The Court has jurisdiction under 28 U.S.C. § 1651(a), 28 U.S.C. § 1361, and 28 U.S.C. §§ 1331, 2201.

20. Venue is proper under 28 U.S.C. § 1391(e).

## Parties

21.     The plaintiff Patricia Montana is a resident of Cedar Grove, New Jersey, and the parent of three students enrolled in the Cedar Grove School District in Cedar Grove, New Jersey. She filed three separate PPRA complaints on behalf of her three children with the Department of Education on July 1, 2021. The Department has not adjudicated her complaint. Ex. 13.

22.     The plaintiff Vincent Vollero is a resident of Cedar Grove, New Jersey, and the parent of a student who is enrolled in the Cedar Grove School District in Cedar Grove, New Jersey. He filed his PPRA complaint with the Department of Education on July 2, 2021. The Department has not adjudicated his complaint. Ex. 14.

23.     The plaintiff Michael Turi is a resident of Cedar Grove, New Jersey, and the parent of a student who is enrolled in the Cedar Grove School District in Cedar Grove, New Jersey. He filed his PPRA complaint with the Department of Education on June 30, 2021. The Department has not adjudicated his complaint. Ex. 15.

24.     The plaintiff Cheryl Miller is a resident of Cedar Grove, New Jersey, and the parent of a student who is enrolled in the Cedar Grove School District in Cedar Grove, New Jersey. She filed her PPRA complaint with the Department of Education on October 24, 2021. The Department has not adjudicated her complaint. Ex. 16.

25.     The plaintiff Donald Elting is a resident of Cedar Grove, New Jersey, and the parent of a student who is enrolled in the Cedar Grove School District in

Cedar Grove, New Jersey. He filed a PPRA complaint with the Department of Education on July 13, 2021. The Department has not adjudicated his complaint. Ex. 17.

26.  The plaintiff Anna O'Connor is a resident of Cedar Grove, New Jersey, and the parent of two students who are enrolled in the Cedar Grove School District in Cedar Grove, New Jersey. She filed two PPRA complaints with the Department of Education on July 12, 2021. The Department has not adjudicated her complaints. Ex 18

27.  The defendant Miguel Cardona is the Secretary of Education. He is sued in his official capacity.

28.  The defendant the U.S. Department of Education is a federal agency with headquarters at 400 Maryland Avenue SW, Washington, DC, 20202.

## **Claims for Relief**

*Count One: Mandamus*

29.  AFL repeats paragraphs 1-28.

30.  Congress enacted the PPRA to protect the fundamental constitutional liberty interest of parents and legal guardians "to control the education of their own" and "to direct the upbringing and education of children under their control." *Troxel v. Granville*, 530 U.S. 57, 65 (2000).

31.  When local school districts violate parents' PPRA rights, which include, *inter alia,* (a) their right to view all instructional material; (b) their right to prior notice of and an opportunity to opt their child out of surveys that gather protected

information; (c) their right to prior notice of and an opportunity to opt their child out of classroom activity that is not directly related to traditional academic instruction and that is designed to elicit information about attitudes, habits, traits, opinions, beliefs or feelings; and (d) their right to prior notice of and an opportunity to opt their child out of classroom activity that is not directly related to traditional academic instruction and that is designed to affect behavioral, emotional, or attitudinal characteristics of an individual or group, they also violate parents' federal constitutional rights.

32. The defendants have a mandatory duty to adjudicate plaintiffs' PPRA complaints within a reasonable time. *See* 20 U.S.C. § 1232h(f); 5 U.S.C. § 555(b).

33. However, they have failed or refused to do so.

34. The plaintiffs' PPRA complaints have been pending without adjudication for nearly two years. This delay is facially unreasonable, especially given that the State of New Jersey investigated and resolved substantially similar complaints involving identical subject matter within six months.

35. Upon information and belief, the Department's failure to investigate, process, review, and adjudicate the plaintiffs' PPRA complaints is attributable to Secretary Cardona's decision to deprioritize parents' rights and PPRA enforcement for political reasons.

36. Mandamus is the appropriate remedy for Secretary Cardona's unreasonable delay in adjudicating the plaintiffs' PPRA complaints. *In re Core Communications, Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008).

37. The plaintiffs have a clear statutory right to have their PPRA complaints investigated, processed, reviewed, and adjudicated.

38. The defendants have a clear statutory duty to investigate, process, review, and adjudicate the plaintiffs' PPRA complaints in a reasonable time.

39. There is no adequate remedy available to the plaintiffs other than a writ of mandamus.

40. If compelled to investigate, process, review, and adjudicate PPRA complaints in a reasonably timely fashion, the practical effect on the defendants will be slight.

41. Accordingly, a writ of mandamus should issue. *Lovitky v. Trump*, 949 F.3d 753, 759 (D.C. Cir. 2020) (citation omitted).

*Count Two: For Unlawfully and Unreasonably Delayed Agency Action*

42. The plaintiffs repeat paragraphs 1-41.

43. 5 U.S.C. § 555(b) provides that "within a reasonable time, each agency shall proceed to conclude a matter presented to it."

44. The defendants' failure to adjudicate the plaintiffs' PPRA complaints is "agency action" under 5 U.S.C. §§ 551(13) and 701(b)(2).

45. 5 U.S.C. § 706(1) provides that to the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action and shall compel agency action unlawfully withheld or unreasonably delayed.

46. The defendants have unlawfully withheld or unreasonably delayed agency action by refusing or failing to investigate, process, review, and adjudicate the plaintiffs' PPRA complaints within a reasonable time.

47. The court therefore should compel the defendants to adjudicate the plaintiffs' PPRA complaints.

## Relief Requested

Wherefore, the plaintiffs respectfully request that this Court:

A. Declare that the defendants have unlawfully failed to investigate, process, review, and adjudicate the plaintiffs' PPRA complaints in a reasonable time.

B. Issue a writ of mandamus requiring the defendants to investigate, process, review, and adjudicate the plaintiffs' PPRA complaints in a reasonable time.

C. Set a sixty-day deadline for the final adjudication of the plaintiffs' PPRA complaints.

D. Retain jurisdiction as appropriate.

E. Award reasonable costs and attorneys' fees as authorized by law.

F. Grant such further relief as may be just and proper.

[signature page follows]

March 23, 2023                                          Respectfully submitted,


                                                        */s/ Michael Ding*
                                                        MICHAEL DING
                                                        D.C. Bar No. 1027252
                                                        AMERICA FIRST LEGAL FOUNDATION
                                                        611 Pennsylvania Ave SE #231
                                                        Washington, D.C. 20003
                                                        Tel.: (202) 964-3721
                                                        E-mail: michael.ding@aflegal.org

                                                        IAN D. PRIOR *
                                                        AMERICA FIRST LEGAL FOUNDATION
                                                        611 Pennsylvania Ave SE #231
                                                        Washington, D.C. 20003
                                                        Tel.: (202) 964-3721
                                                        E-mail: ian.prior@aflegal.org

                                                        * *Application for Pro Hac Vice Forthcoming*

                                                        *Counsel for the Plaintiffs*